1627 Pavel Lavrenko v. Gerard Horgan In 27 months of detention, Mr. Lavrinenko has had one chance to ask for release on bond. He was made to bear the burden of proof, and he had less than 30 seconds to meet it. For three reasons, his detention violates both the governing statute and the due process clause. First, due process requires the government, not the person who's detained, to justify prolonged civil detention with proof by clear and convincing evidence. Second, one chance to argue for release cannot provide an unending basis for detention. Instead, due process requires periodic review to ensure that detention continues to be warranted. Third, even if Mr. Lavrinenko could be detained all this time on the basis of one proceeding in which he bore the burden of proof, the truncated procedure that he received did not constitute even the basic bond proceeding that section 1226 and due process require. And I intend to focus today on those first two issues, the standard of proof and the opportunity for periodic review of detention. With regard to the burden and standard of proof, the Supreme Court established two issues, aren't there? Burden of proof and the standard that has to be met. That's right, Your Honor. All right. Now, those are arguments that have been made to the court. The basic argument that the standard of proof belongs on the government and the burden of proof is clear and convincing evidence were not made to the immigration judge or the BIA. The argument that his hearing was so quick violates due process was made to the BIA and they ruled against you. Normally, we do not get into claims that were not exhausted before the agency. I understand you're relying heavily on the Ninth Circuit law and that the Ninth Circuit chose to bypass exhaustion. But are we agreed on those basic facts? That's right, Your Honor. But in the habeas context, of course, exhaustion is not required and it shouldn't be required in this case. Habeas is a very limited remedy. Judge Young denied the constitutional arguments made to him without much explanation. But I'm not certain it's wise for our court to venture into those areas without knowing what the BIA would have to say. I think we do know what the BIA would say, Chief Judge Lynch, because the BIA doesn't reach constitutional questions and doesn't generally venture. It reached your constitutional claim that these procedures, it reached the claim that was actually made. It did not reach the other claims it did not have occasion to. It's true, it does assess procedural due process claims in terms of the adequacy of hearings. But these are issues that are uniquely suited for judicial resolution. And to give an example, even in the Third Circuit hearing from the BIA as to the rationale for its rule, I mean, it becomes one-sided. The immigration courts and the board, and I think this relates to why the government hasn't argued that these claims should be exhausted. The courts... This court routinely looks at the exhaustion question. Yes, Your Honor. But in this case, the immigration courts and the board do not review claims of prolonged detention and the rights of immigrants subject to prolonged detention. And that's recognized in district court cases like Flores-Powell and Sankeo in this district. It requiring exhaustion would be futile because these are claims that immigration judges don't reach. Even in the Third Circuit, where the court has held that Section 1226 has to be limited by constitutional concerns to require a bond hearing after detention becomes prolonged, the immigration judges do not provide DEOP bond hearings because they feel that they're being asked to rule on a constitutional question. Had you said to the immigration judge, we're raising an issue of law here, three issues of law. First, we think it would be error for you to not place the burden of proof on the government. Second, the government must then reach a clear and convincing standard. Third, you must give periodic hearings. And you have said to us the argument is based both on the statute and on the Constitution. That is your argument to us. Why wouldn't we want the BIA then to state why it thinks the argument is wrong, both on the statute and on the Constitution, so that there would be some basis for knowing the agency's evaluation of those questions? In this context, Your Honor, the grounds for requiring prudential exhaustion aren't satisfied because the board, to the extent that it has spoken on these questions, has made clear that it does not consider claims that non-citizens are entitled to procedures because of the length of their detention. How do we know in this case? The Ninth Circuit didn't give them an opportunity to say why they hold the policies that historically they have held. I'm happy to provide some supplemental citations after argument in cases where the board has... You say they're not going to reach the issue, but they did reach a constitutional argument, which was actually presented to them here. I take it you say that the exhaustion requirement, when you use the word prudential, it's not jurisdictional, and the government doesn't argue that it's been exhausted, so you say they waived any exhaustion requirements at the basic position? That's right, Your Honor, and in addition, one of the other things that courts look at in prudential exhaustion is whether there would be irreparable harm, and I think this is a clear case where requiring Mr. Levinenko to go back to the immigration courts for what would be a futile remedy... Can I ask, when you say it's futile, just on the question of, I understand the BIA has taken the position that the burden is on the detainee to make bond. The BIA itself has taken that position, and that the standard of proof, therefore, is certainly not clear and convincing for the government to have to prove it. The BIA having taken that position, have they taken that position even in the case of prolonged detention? That's right, Your Honor. There isn't a lot of case law on this. There are unpublished cases where non-citizens have tried to raise claims. I'm sorry, they took that position when the constitutional argument was presented to them? Yes, when non-citizens have come before immigration judges and before the Board of Immigration Appeals, arguing that because their detention has become prolonged, they're entitled to bond hearings and to consideration of whether they're entitled to release. That's a different question. It's not addressing... I'm not aware of cases addressing specifically non-citizens who have tried to raise the standard of proof, but... Right, and to the extent there are cases, I think they're actually pretty old. I don't think that's right, Your Honor. I think there are more recent examples, and in my view, the Third Circuit... Is there an authoritative BIA interpretation? Forget the exhaustion thing. It relates to exhaustion, but it's also relevant to deference. Is there an authoritative BIA interpretation of the statute rejecting your position with respect to who bears the burden and what the standard of proof is in a case of prolonged detention? No, Your Honor, not that I'm aware of. Okay, so we have nothing to defer to, then. The BIA just hasn't spoken on it. That's right, Your Honor. So from your perspective, then, what we should do is, like a Brand X case, we just review the statute straight up, make our best interpretation of it. If the BIA wants to come up with an authoritative interpretation inconsistent with our reading of the statute, they could, and then it would be a Brand X case if we thought that the statute wasn't crystal clear in your favor. That's right, Your Honor. Okay, so just on that question, just turning to the statute, what is the argument that the statute, put aside the Constitution for a second, is best read to impose a burden of proof on the government and to require clear and convincing evidence? Well, the statute, and I think Sedvitis provides a roadmap for the statutory analysis here, and that is that in light of all of the constitutional concerns raised- Constitutional avoidance, interpretation. Yes, Your Honor. The statute leaves- I understand that argument. Before you get to that argument, what is the history? I mean, we've had detention of immigrants, deportable immigrants, for 150 years, if not longer, okay? And there's been bond, as I understand it, since before 1907. Yes, Your Honor. What has been the historical burden in those bond hearings, and what standard of proof has obtained? Traditionally, the burden was on the government to justify detention. After certain regulations came into effect, after the 1996 revision of the immigration laws, the BIA interpreted those regulations to require the burden of proof to be on the non-citizen, but- As far as you know, the first time historically that the burden shifted. That's right, Your Honor. And do we know, before that shift occurred, do we have any evidence, historically, about what the standard of proof in the bond hearings had been in the cases in which the government bore the burden? Because I don't see anything in the briefing that we're convincing was, in fact, the standard, even assuming the government bore the burden. I believe it was a preponderance. I'm not positive- Was a preponderance. And there are cases- I believe. Yes, Your Honor. I, too, have searched through this, and, you know, constitutional questions aren't going to be handled on the basis of representations by counsel that I believe. Is there a clear answer or not? The relevant case is a matter of Patel, Your Honor, and I would have to look at it again to recall the precise standard of proof. But it is noteworthy that Congress did, in certain specific instances, place the burden on the non-citizen to justify, to prove that he should not be detained. And in this context- Is a statutory argument that does not depend on constitutional avoidance. Yes, exactly. There's another argument there as well, Your Honor, that Congress has specified the times in which- the places in which non-citizens bear the burden of proof. And that occurs, for example, in the subset paragraph 2 of the mandatory detention provision with regards to non-citizens not subject to mandatory detention. They bear the burden to prove, and it's specified in that statute, that they should bear the burden to prove that their detention is not warranted. So comparing to that, and particularly in light of the constitutional principles, section 1226A should be interpreted to place the burden of proof on the government by the traditional standard that applies in civil detention to prove detention by clear and convincing evidence. The Supreme Court has said over and over and over again, aliens are different in so many different contexts, and the rules about aliens really are not the same constitutional rules as to other people. That, I suppose, helps your statutory argument that, yes, that may be up to Congress, but Congress did draw these distinctions. That's right, Your Honor, but Zedvitas refutes any contention that, although there are distinctions certainly between aliens and citizens, Zedvitas refutes any contention that civil detention in the immigration context is simply a different species than civil detention generally. But that was an indefinite detention case, like civil commitment could be. This is not, because you will not be held, because of your dangerousness, at the point at which we resolve your deportation status. In other words, it may be long, and the word you used, prolonged, makes sense, but it's still interim. It's still finite in a way that's just not true in an Addington case, and it's just not true in Zed and Zavitas. That's correct, Your Honor, and it's certainly true that the detention here is not likely to be permanent, although it may continue for several more years. But Zedvitas really confirms that the rules by which we judge the legality of immigration detention are the same principles that guide us in the civil detention context generally. At least it's not an indefinite detention, as in Zedvitas. But we don't have that situation here. We've got a case in which it's finite, so it's not entirely clear to me that Zedvitas is helpful in that regard. And furthermore, he is not a legal permanent resident to the extent that the status of the alien figures in, and this apparently is the Ninth Circuit rule that applies to legal permanent residents, of which he is not. What would you say, I mean, you seem to say the status of the alien in this country doesn't matter. No, he's a lawfully admitted resident, and even in Zedvitas, which dealt with non-citizens who had been ordered removed from the United States, the court recognized that they too had important liberty interests, and that even as to them, the government needed a sufficiently strong special justification in order to justify detention. Okay, one more question. Yes, your honor. Even if the burden were on the government, given his prior convictions, why hasn't the government shown that he is a risk, a danger to other people? The government would certainly have pointed to that at a bond hearing, your honor, but the clearest, yes, your honor, the clearest indication, though, that Mr. Lavranenko would be able to refute such a contention and demonstrate, and that he would- He had a chance, and he blew it, according to the immigration judge. He did not put in evidence that the judge would have expected apparently, I take it his wife isn't even willing to stand by him again, that there is no evidence before the court that he is to be trusted on changing his behavior. He was given the opportunity to put on such evidence. Well, two points, your honor. One, with regard to his wife, I'd point to her affidavit in the record. It's not the case that she doesn't stand by him, in fact, she would very much like to have him home, but with regards to your honor's point more broadly, our contention is that this is a case where Mr. Lavranenko was not given the basic opportunity to prove what he was required to prove in this case. Just taking that point, but on what we would do if we thought clear and convincing evidence was the standard. I take it your position is the BIA just didn't apply that standard, and there's no indication that had they been required to apply that standard, they would have come to the same result. Is the same true if the standard was preponderance? Because the IJ and the BIA both say flat out, not he failed to satisfy me that he's a danger, but instead they said flat out, on this record, he is a danger, which that makes me a little bit, I just can't tell, is that, why would we remand in that case where it seems like they're suggesting straight up given the record here, he doesn't meet the burden. I disagree with that characterization of the record, your honor. At page 112 of the joint appendix, the immigration judge expressly bases his decision only on the fact that Mr. Lavranenko had not submitted evidence in his view. Well, he does say he hadn't submitted evidence, but he doesn't rely only on the lack of evidence, he relies on the existence of the criminal history, and he says on the basis of that criminal history, he is dangerous. Now that he also does misstate the standard, I understand that, but it's just an unusual case because even though he states the standard in a way that's very favorable to the government, he articulates his concern about the danger as if the burden was on the government. And the BIA then corrects him on the standard, and itself says, given this criminal history and the lack of anything compensating for that, we also find him to be dangerous. I think the BIA just says that there's substantial evidence for the immigration judge's decision, but the clearest indication that this is a proceeding that might have come out differently, if there had been additional procedural safeguards in place, is the immigration judge's own findings of fact in his May 6th merits decision, where he addressed the issues that he himself recognized to be important in bond, and that is the issue of rehabilitation, and whether Mr. Lavranenko had overcome the issues that had might lead to a finding of dangerousness. And on that point, he found that Mr. Lavranenko not only was capable of rehabilitation, but was someone that in his discretion merited lawful permanent residency in the United States. And it's hard to imagine that he would have come to that conclusion if he believed that Mr. Lavranenko would pose a danger to the community. Correct, but he didn't reach a different conclusion as to the question of danger, he reached a conclusion... On remand, he then said he is a violent and dangerous person. He, that's, thank you Anna, and I thank the court for its time, but the the finding of, under the violent or dangerous standard, was not the kind of determination made on bond, it was not at any point a determination of whether Mr. Lavranenko presently posed any kind of danger. Whether the crime was a violent danger. It was whether his criminal history, when looked at all together, put him into a category of people for whom lawful permanent residency is disfavored. And there's no discussion of the kinds of things that the judge finds important on bonds, such as rehabilitation. Thank you, your honor. Thank you. Well, Mr. Rydell, it's not quite the case you briefed, but in light of the questions from the court, but feel free to give us the government's position here. As to the questions you just posed, your honor? Yes. Well, go ahead, any argument you wish to make. Your honor, first of all, addressing the issue of exhaustion, we do argue that part of the reason why Mr. Lavranenko received due process in his bond proceedings is because he received an individualized hearing. He submitted a four-page motion, attached three documents to it. Six days later, he received an oral argument for that, and he pointed solely to one of the attachments attached to his written motion. The immigration judge, in his broad discretion on these matters, denied him, finding him a danger to the community, based on his undisputed criminal history. Mr. Lavranenko thereupon appealed this denial to the Board of Immigration Appeals, and then to the district court now here. But also, what Mr. Lavranenko has chosen not to do is to seek another bond hearing, which is available to him, based upon a showing of exhaustion, and it would have been, would help, would have helped this court greatly in terms of bringing further, developing the record further in this regard. You don't argue that he had to make these legal arguments to the IJ or the BIA for us to have a, to make it cognizable and habeas to you? I just don't think that's in your brief, which is fine, but it's just not, it's not an correction. Okay. That brief is not, that argument is not in the brief. Okay. But Your Honor, the government's position is that the dispositive issue in this case is simple. Whether the court has jurisdiction to consider Mr. Lavranenko's challenge to the immigration judge's discretionary decision, denying him bond because of his undisputed criminal history, while he is being detained under 8 U.C. 1226A. And the government's position is that the answer is no, because this court has found that that type of jurisdiction is barred, jurisdiction of these types of claims is barred by section 1226E. Although Mr. Lavranenko claims that he does not seek to have the court reweigh the evidence considered by the immigration judge, this claim is belied by Mr. Lavranenko repeatedly arguing that the immigration judge, based on the evidence presented in his bond proceedings, should have found him not to be a danger to the community, in spite of his undisputed criminal history. And that claim is barred, Your Honor. But the constitutional issues and statutory issues about the procedures which were followed, the only argument he made explicitly was it was too fast. But he is now raising on appeal the other arguments about burden of proof, standard of proof, and the argument about the necessity of periodic hearings. Are you saying that we are barred by statute from considering those arguments? I had understood you were not arguing that. Your Honor, our argument is that his, Mr. Lavranenko's claims properly understood, for example, quoting from his principal brief, page 55, quote, there's every reason to think that if the immigration judge engaged in a meaningful consideration of factors relevant to Lavranenko's eligibility for bond, he would also have concluded that Lavranenko also merited release, or in his refinery. All right, so you're saying the ultimate decision involved a weighing of evidence, it's discretionary, and we're barred from reviewing that. And so all of these other arguments are, in a sense, not relevant. They would not make a difference to the outcome. Yes, Your Honor. How can that be with respect to clear and convincing evidence as the standard? You don't claim that a detainee is barred by 1226E from on habeas contending that the standard of proof is burden on the government, clear and convincing evidence, as opposed to burden on the detainee. That's a cognizable claim on habeas, right? They can raise that legal argument, not withstanding 1226E. Your Honor, the government does concede that a petitioner can raise constitutional questions. And statutory. They could make it as a statutory argument about whether the statute puts the burden on the government and requires them to show up by clear and convincing evidence. And if, Your Honor, in that, and under those circumstances, that even if the court has jurisdiction to consider the immigration judge's discretionary decision in this case, Mr. Levenenko received all the due process to which he is entitled. 10 months after being detained. The government did not, in those hearings, contend that the burden was on the government and that they had to show by clear and convincing evidence that he was a flight risk or a danger. The government argues that the burden of proof is on the alien. That's how this case Now, Levenenko is challenging that, saying, no, the statute and the Constitution independently require that the burden be on the government, subject to clear and convincing evidence as the standard of proof the government has to make out. Correct? But they didn't make that argument to the agency. Correct. But you don't argue that they failed to exhaust. So that's the argument that's before us. And that's cognizable under 1226E. You concede, right? Or do you not concede that? Your Honor, we concede that, you know, in constitutional questions and questions of law. Okay. So now that being before, has the BIA taken an authoritative position as to whether the government bears the burden and as to what the standard of proof is for prolonged detention? Counsel, for the other side, said the BIA has taken no authoritative position on that. So there's nothing for us to defer to. Is that the government's position? Or has the BIA actually taken a clear authoritative position as to who bears the burden and what the standard of proof is for a bond hearing in a prolonged detention case? Your Honor, some of the Board of Immigration Appeals decisions we've sought in our brief and others I could bring to the Court's attention if I step back from my materials, I think do support the position that, in other cases, that the Board of Immigration Appeals has held that the burden is on the alien. In the face of an argument that constitutionally it has to be on the government? In the face of those specific arguments, I'm unaware if those cases in reached in looking at those cases, that this precise issue has not been put to the agency. I'm unaware of any particular, any specific decision on that. And so one question, you could take the position no deference is owed, or you could take the position that you ought to hear from the BIA in a case in which that question was raised to them, what their position is. Your Honor, the government's position in this case is that Mr. Lavrinenko received all the due process to which he is entitled. All the case law supports the argument that Mr. Lavrinenko received an individualized hearing, individualized proceedings on these questions. And that's what the record clearly demonstrates that he has received. He has, he decided only to bring a four-page motion to the immigration judge's attention, laying out the factors for his release. He decided only to attach three documents to it. And in the oral argument, the judge's, immigration judge's discretionary decision to hold oral argument on his motion, Mr. Lavrinenko decided only to cite to one of these pieces of evidence. And the immigration judge, in his broad discretion, which Congress intended and which the Supreme Court has affirmed, has clearly, and the immigration judge said, you know, based on the record before me, I find in the undisputed criminal history of Mr. Lavrinenko, including his wife taking out a temporary restraining order, and his taking his children to buy heroin with him, and repeated DUIs, including crashing into other cars and fleeing the scene of the accident, providing false identification. But neither the IAJ nor the BIA concluded that the government had met its burden of clear and convincing evidence, because it didn't believe it had to meet that burden, right? That the government had to meet a burden of proof. Yeah. So it's true, what you're saying is all there, but in the ordinary agency review, if an agency applied the wrong standard of proof, we would vacate and remand for it to apply the right standard of proof to that same record. It may well come out exactly the same way as you say. But why shouldn't we take that? I mean, assuming the burden is on the government, which I know you dispute, and assuming that the standard were clear and convincing evidence, which I know you also dispute. But if those two things were true, how could we affirm? How could we? How could we, I mean, how could we, yeah, how could we affirm what the BIA did? Because it wouldn't have applied those standards of proof, right? Wouldn't we have to vacate and remand? Your Honor, we strongly dispute both the position that the burden is on the government, and that it's been raised clear and convincing. However, the record is clear that Mr. Lavranenko has an undisputed extensive criminal history. This is different from many other cases in which there was a one-off crime, which happened many years before immigration proceedings began. So you think the record compels the result that the immigration judge reached? Yes, Your Honor. But if, yes. But that, how does that fit with Channery and regular agency principles, which is the agency's supposed to articulate its reasons we don't make it up for them? That's what I guess I'm trying to figure out. I understand we may not get to this issue if we agreed with you about where the standard of proof lay. But if we didn't, I'm just trying to figure out what we would be left having to do. Because we would be basically saying that the BIA found it was clear and convincing, when it hadn't. Your Honor, I believe that, I guess you're saying can we do that on reviewing a BIA decision? Can we supply a reason for it that it didn't give? Your Honor, we believe that Mr. Lavranenko, based upon the burden being on him and being the standard of evidence being what it is, that he has received all the due process. And many courts have affirmed this, including the 1226A has a long established history, which has been reviewed by the Supreme Court in Damore. And also related issues of detention have been reviewed, considered by the Supreme Court in Zavidas. And those cases have argued, have held that the standard civil burdens of proof apply. But also in an accurate due process analysis, Your Honor, the government argues that, for example, that the Ninth Circuit in its Singh decision was erroneous, first and foremost, because it failed to engage in the requisite math use balancing tests. And as the government lays out in its brief, that leads to the conclusion that the burden being on the alien, and the burden being what it is, are constitutionally adequate. Mr. Lavranenko has received the individualized due process protections to which he is entitled. No, I believe your sister reserved two minutes. Your Honor, may I quickly conclude? You may conclude. The court should, as the government has previously argued, dismiss Mr. Lavranenko's appeal for lack of jurisdiction. As he attacks the immigration judge's discretionary bond determination based on his undisputed criminal, extensive criminal history, specifically the immigration judge's weighing of the evidence and whether or not substantial evidence supported the decision. This attack is barred by section 1226E. Even if the court were to find that it jurisdiction to consider Mr. Lavranenko's claim, he received all the due process to which he is due under section 1226A, in which the burden is on him, and he has to show that he is entitled to release. And the court should not forget that in this context, due process is a flexible standard, which need not be the least burdensome means necessary to accomplish its goals. In light of unique circumstances presented by this case of regulation immigration, the Congress's plenary authority thereover, due process does not require the protection sought by Mr. Lavranenko. Consequently, the court should dismiss Lavranenko's appeal. Thank you. Thank you. If you're caught by surprise by anything your co-counsel says, I'll give you another minute or two. I just wanted to make two quick points, your honors. The first is that even if the court believes that Mr. Lavranenko at some point received an adequate proceeding, it should find that he's entitled to a new bond hearing simply because of the passage of time since that proceeding. The government has a regulation that says basically you can come back if you have anything new that is material to say. That's right, your honor. But why doesn't that adequately take care of that concern? For a couple of reasons. There was never a point in this case in which Mr. Lavranenko could have sought a bond hearing based on changed circumstances. And that's because the first time that he learned that he wasn't being detained under the mandatory detention provision was after he filed this habeas petition and when the government responded to it. The adjudication judge pointed out defects in the proof, things that he would have expected to have seen. That's right, your honor. But two days after that proceeding, in a letter to Mr. Lavranenko responding to his request for release, reiterated that he was being subject to mandatory detention which was the position of the board and has been the position of the government in cases on this similarly situated people around the country. And even today the government has never said that it would actually give Mr. Lavranenko a bond hearing. No, your honor, but as I mentioned there was never an opportunity, there was never a time before the filing of this habeas petition when that could have happened. The regulation exists, it continues to exist. You could at any point make a motion to reopen or have another hearing. That's true, but the immigration judge wouldn't know what standard applies to his, if I can just finish, that proceeding you could then challenge what standard should apply. That's right, your honor, but to require that process to take place, the government would have a chance to respond. That's true, your honor, but we know the position of the government with respect to all of the legal issues in this case. But you don't know the position of the BIA. Well, the BIA in this case held that the burden of proof was on Mr. Lavranenko by a preponderance of the evidence. In the absence of any argument being made to it, that couldn't be the rule. That's right, that's true, your honor. Okay, thank you. Thank you, your honor. Government counsel. I just want to quickly address some points. Number one, I think the government would argue that prudential exhaustion in this case as to Mr. Lavranenko's new claims would be to the benefit of this court especially. And Mr. Lavranenko has not sought another bond hearing under changed circumstances regulation. Even if the court were to get to the position, however, regarding what Mr. Lavranenko's counsel just argued as to the passage of time and his alleged right to a periodic bond review, if the court were to find that in an as-applied analysis of the unique circumstance and particulars of this case that Mr. Lavranenko is entitled to a, as his detention has been prolonged and is entitled to a subsequent bond hearing, then the government would argue that if the court were to order another bond hearing because his prolonged detention has become unreasonable, but based upon an as-applied analysis where he has to show, has to meet the burden of release, then the government would argue that its harm in that regard would be minimal in terms of being able to provide another bond hearing. Set aside, if the court were to reach that position, Mr. Lavranenko also, counsel just argues that Mr. Lavranenko was somehow surprised by the immigration judge's finding that he was not a mandatory detainee. Mr. Lavranenko in his motion for bond hearing argued he was not mandatorily detained. So the only other option was that he was detained under 1226A and I believe that logic belies any claim that Mr. Lavranenko was caught by surprise that the immigration judge would find that he was not detained under 1226A. Those are the three points, Your Honor, and for those reasons raised in our pleadings and today in oral argument, the government would argue that Mr. Lavranenko's position be denied. Thank you. Thank you very much.